# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CASE NO. 4:24-CR-40 (CDL)** |
| : | |
| **SANTINIO SMITH** : | |
| : | |
| **Defendant** : | |
| : | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on April 15, 2025, Defendant SANTINIO SMITH (hereinafter "Smith" or "Defendant"), pled guilty to Count One of the Indictment charging him with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8);

AND WHEREAS, the Indictment contained a detailed Forfeiture Notice, pursuant to which the United States sought forfeiture under Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense(s), including, but not limited to the following: one (1) Taurus, Model: The Judge, .45 Long Colt/.410 gauge revolver, Serial Number: ACJ240590, one (1) Glock, Model: 22, .40 caliber, semiautomatic pistol, Serial Number: GPU597, one (1) Smith and Wesson, Model: SD40VE, .40 caliber, semiautomatic pistol, Serial Number: HFY8319, and one (1) Radikal Arms, Model: MKX-

3, 12 gauge, semiautomatic shotgun, Serial Number: W-05935 (hereinafter referred to as the "subject property");

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the subject property; (2) that the property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c); and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the subject property;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by the preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction and the subject property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

4. Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. ' 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1).

5. **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time

and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n), incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 924(d)(1) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 18th day of July, 2025.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA